UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| AVISMAEL VALDES-LEYVA,<br><br>Petitioner,<br><br>v.<br><br>PHILLIP VALDEZ, et al.,<br><br>Respondents. | No. 6:26-CV-170-H |

**ORDER**

Avismael Valdez-Leyva entered the United States illegally two years ago. Dkt. No. 8 at 2. At that time, ICE detained Valdez-Leyva and issued him a Notice to Appear, charging Valdez-Leyva with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-2 at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i). In March 2026, ICE placed Valdez-Leyva back into custody for the pendency of his removal proceedings. Dkt. No. 8 at 2. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2–3. Before the Court is Valdez-Leyva's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, its implementing regulations, the Fifth Amendment, and the *Accardi* doctrine. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Valdez-Leyva's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- The application of Section 1225(b)(2)(A) to unadmitted aliens is not impermissibly retroactive in violation of the Fifth Amendment. *Nieto Torres v. Noem*, 2026 WL 695639, at *4–7.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi*, 2026 WL 1062625, at *5–6.

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished *Zadvydas* in cases concerning "detention during deportation proceedings," which it held to be "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Valdez-Leyva's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has

considered them anew in this petition and concludes that habeas relief is unwarranted. The Court denies the petition. Dkt. No. 1.

Finally, the Court notes that when Valdez-Leyva filed his petition, he was detained in the Eden Detention Center in Concho County, Texas, in this Division of the Northern District of Texas. *See* Dkt. No. 1 at 1. However, the ICE Online Detainee Locator System indicates Valdez-Leyva has since been transferred to the Prairieland Detention Facility in Johnson County, Texas, which is in the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1). But this Court retains jurisdiction because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

So ordered on November 5, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE